IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LESTER KAUFFMAN, as Trustee of the UNION TROWEL TRADES BENEFIT FUNDS OF CENTRAL PENNSYLVANIA,<br>      Plaintiffs<br><br>v.<br><br>S&K CONSTRUCTION CO., INC.,<br>      Defendant | Civil Action No. 1:10-cv-02587<br><br>(Chief Judge Kane) |

## MEMORANDUM

Presently pending before the Court is Plaintiffs' motion for default judgment. (Doc. No. 7.) As Defendant S&K Construction Co., Inc., has yet to appear or defend in this action, there is no opposition to the motion. For the reasons that follow, the Court will grant the motion.

**I.    BACKGROUND**

On December 20, 2010, Plaintiffs brought this action pursuant to sections 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(3), 1145. Plaintiffs alleged that Defendant is a party to a multi-employer collective bargaining agreement ("the Agreement") which requires Defendant to make contributions to the Union Trowel Trades Benefit Fund ("the Funds") and requires Defendant to pay liquidated damages and interest in the event that it fails to make timely contributions.[1] (Doc. No. 1 ¶¶ 10-

---

[1] Section 13.02 of the Agreement states:

> If Employer fails to make any contribution to the Funds, when same shall be due and payable, it shall be considered delinquent and in breach of this Agreement and shall pay, as an additional amount to cover bookkeeping costs and other incidental expenses the sum of twenty ($20.00) Dollars, or ten (10%) percent of the amount of the

1

13.) Plaintiffs aver that Defendant failed to make contributions under the terms of the Agreement. (Id.) Specifically, the complaint states that Defendant made an untimely payment of its required contributions for the month of June 2010, and therefore Plaintiffs are entitled to liquidated damages and interest. (Id. ¶¶ 14, 15.)

In his affidavit, Lester Kauffman, Trustee of the Funds, states that Defendant also failed to remit contributions for the month of July 2010. (Doc. No. 7-1 ¶ 15.) Mr. Kauffman provides calculations of liquidated damages and interest Defendant owes the Funds as a result of its failure to pay the required contributions for the month of July 2010. (Id. ¶¶ 16-19.)

The record shows that although Defendant was properly served with the summons, complaint, and other pertinent documents, (Doc. No. 4), Defendant has not appeared, answered, moved, or otherwise responded to the pleading. After several months without response from Defendant, Plaintiffs requested, and the clerk entered, default against the Defendants pursuant to

---

> delinquent payment, whichever is greater, plus interest at the rate of one and one-half percent per month until paid to each Fund. In addition, Employer shall be liable for reasonable expenses, including attorneys' fees and accountant fees, incurred by each Fund in the collection of Employer's contributions.

(Doc. No. 7-1 ¶ 7.)

Section 13.04 of the Agreement states:

> Contributions and payments that Employer is required to make under this Agreement to the Funds shall be made monthly, and shall be accompanied by a report or reports in the form(s) prescribed by the Funds. Contributions and payments and report(s) for each month shall be postmarked on or before the 15th day of the following month.

(Id. ¶ 8.)

2

Rule 55(a) of the Federal Rules of Civil Procedure. (Doc. Nos. 5, 6.) Now before the Court is Plaintiffs' motion for entry of default judgment. (Doc. No. 7.)

## II. DISCUSSION

Rule 55(b) of the Federal Rules of Civil Procedure provides for entry of default judgment against a defendant who has not appeared and who is neither a minor nor an incompetent person. Fed. R. Civ. P. 55(b). Entry of default does not entitle a claimant to default judgment as matter of right. 10 James Wm. Moore et al., Moore's Federal Practice § 55.31 (Matthew Bender ed. 2010). Even when a party has defaulted and all of the procedural requirements for a default judgment are satisfied, the decision to either render default judgment or refuse to render default judgment rests in the discretion of the district court. See Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987). In undertaking this evaluation, the Court must consider: (1) whether the plaintiff will be prejudiced if the default is denied; (2) whether the defendant has a meritorious defense; and (3) whether the defaulting defendant's conduct is excusable or culpable. See, e.g., Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000) (citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984)). However, when a defendant has failed to appear or respond in any fashion to the complaint, this analysis is necessarily one sided; entry of default judgment is typically appropriate in such circumstances at least until the defendant comes forward with a motion to set aside the default judgment pursuant to Rule 55(c). As the Third Circuit has explained:

> In most instances where a party's right to prosecute or defend would be terminated as a sanction, the moving party has the burden of creating a record showing the appropriateness of this ultimate sanction and the district court has the responsibility of making a determination on that issue in light of considerations like those articulated in Poulis. When a defendant fails to appear and perhaps

3

> under other circumstances covered by Rule 55, the district court or its clerk is authorized to enter a default judgment based solely on the fact that the default has occurred. Even in those situations, however, consideration of Poulis type factors is required if a motion to lift the default is filed under Rule 55(c) or Rule 60(b) and a record is supplied that will permit such consideration.

Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.2d 168, 177 n.9 (3d Cir. 1990).

Here, it is clear that the factors weigh in favor of granting a default judgment. First, there is a risk of prejudice to Plaintiffs if default is denied. Plaintiffs aver that Defendant's failure to make the required contributions has deprived and will continue to deprive Plaintiffs of investment opportunities. (Doc. No. 8 at 7.) Plaintiffs also argue there is a risk of prejudice to the beneficiaries of the Funds if Defendant's contributions are not made. (Id. at 8.) Second, Defendant has not asserted any defense, either by answering the allegations in the complaint or by opposing the present motion for entry of default judgment. Finally, the Court can find no excuse or reason for Defendant's default other than its own conduct. Plaintiffs have shown that Defendant was personally served with all of the required documents several months ago. (Doc. Nos. 5, 6, 13.) Despite this, Defendant has neither engaged in the litigation process nor offered any reason for its failure to appear. The Court therefore finds that Defendant is personally culpable for its failure to appear and that there is no basis in the record to excuse this conduct. Accordingly, the Court finds that default judgment is due.

Because default judgment will be entered, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990). The allegations in the complaint, taken as true, are sufficient to show a violation of ERISA section 515. See 29 U.S.C. § 1145 ("Every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or

under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with terms and conditions of such plan or such agreement.")  The complaint sufficiently alleges that Defendant failed to remit timely contributions to Plaintiffs for the month of June 2010.  (Doc. No. 1 ¶ 14.)  However, the complaint does not make any allegations regarding Defendant's failure to remit timely contributions to Plaintiffs for the month of July 2010.  Indeed, allegations of Defendant's failure to pay required contributions to Plaintiffs in July 2010, appear only in the affidavit attached to Plaintiffs' motion for default judgment.  (See Doc. No. 7-1.)  Accordingly, the Court declines to enter default judgment against Defendant or award damages for facts not contained in the complaint.  See DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 851 (9th Cir. 2007); 10 James Wm. Moore, et al., Moore's Federal Practice § 55.32[1][c] (Matthew Bender ed..2010) ("[A] defendant does not admit facts that are not well-pleaded nor does the defendant admit conclusions of law").

If a court enters judgment in favor of the plan fiduciary, the court shall award (1) unpaid contributions; (2) interest on the unpaid contributions; (3) liquidated damages provided for under the plan in amount not in excess of twenty percent of the unpaid contributions; (4) reasonable attorney's fees and costs; and (5) other relief the court deems appropriate.  29 U.S.C. § 1132(g)(2).  As damages, Plaintiffs claim to be entitled to an award of $5,579.05, consisting of $524.91 in liquidated damages and interest for the month of June 2010; $2,306.77 in unpaid contributions for the month of July 2010; $175.56 in liquidated damages for the month of July 2010, and "any such additional amounts as may accrue from the date of this judgment to the date that the principal contributions are paid"; $184.31 in statutory interest for the month of July

2010, plus additional interest that shall accrue from the date of this judgment until the principal amount is paid; $1,837.50 in attorney's fees; and $550.00 in costs of this action. As discussed above, the Court declines to award damages relating to Defendant's failure to remit contributions for the month of July 2010. As for the requested award of liquidated damages and interest for the month of June 2010, attorney's fees, and costs of this action, the Court finds that these categories of damages are properly recoverable under section 1132(g)(2) and the Agreement, as the Agreement provides in pertinent part:

> If Employer fails to make any contribution to the Funds, when same shall be due and payable, it shall be considered delinquent and in breach of this Agreement and shall pay . . . ten (10%) percent of the amount of the delinquent payment, plus interest at the rate of one and one-half percent per month until paid to each Fund. In addition, Employer shall be liable for reasonable expenses, including attorney's fees and accountant fees, incurred by each Fund in the collection of Employer's contributions.

(Doc. No. 7-1 ¶ 7)

Despite this, the Court finds that Plaintiffs have not sufficiently supported the requested amount of damages in their submission. As a preliminary matter, the affidavit from Mr. Kauffman quotes certain sections of the Agreement in support of Plaintiffs' right to relief but does not attach a copy of the Agreement. Plaintiffs are directed to submit a copy of all contractual provisions supporting their right to relief, including those quoted in the present affidavit (Doc. No. 7-1). Mr. Kauffman also states that Defendant failed to pay $524.91 in liquidated damages and interest for June 2010, but Plaintiffs have failed to provide any documentary evidence regarding the amount of the delinquent payment for the month of June 2010. (See id. ¶¶ 9-11.) Thus, the Court cannot determine if the amount of $524.91 is proper under the Agreement. Finally, Plaintiffs have not submitted adequate support to demonstrate its

6

request for attorney's fees is reasonable. In assessing a request for attorney's fees, "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Performing this calculation will provide the "lodestar" figure, which is presumed to be the reasonable fees for the matter. Rode v. Dellaciprete, 892 F.2d 1177, 1183 (3d Cir. 1990). The party seeking the attorney's fees has the burden to prove that the requested attorney's fees are reasonable, which initially requires the fee petitioner to "submit evidence supporting the hours worked and the rates claimed." Id. at 1183; E.E.O.C. v. Fed. Express Corp., 537 F. Supp. 2d. 700, 721 (M.D. Pa. 2005) (citing Hensley, 461 U.S. at 433). An hourly rate is reasonable if the fee applicant demonstrates by evidence, in addition to the fee applicant's own affidavit, that the suggested rate is comparable to the current "rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Maldonado v. Houstoun, 256 F.3d 181, 184 (3d Cir. 2001). Here, though Plaintiffs' fee petition appears quite detailed as to the hours worked and tasks performed by Mr. Johnston, there is no support offered for the claimed rate of $210.00 per hour. Therefore, Plaintiffs will be required to submit further evidence in support of their claimed attorney's fees.

While Plaintiffs have not adequately supported their claim for the requested amount of damages, the Court does not find that a hearing is necessary under Rule 55(b)(2)(B) to determine the amount of damages due, as the requested amounts are computable from the terms of the Agreement and proper documentary evidence. See 10 James Wm. Moore, et al., Moore's Federal Practice § 55.32[2][c] (Matthew Bender ed. 2010) ("[T]he "hearing" may be one in which the court asks the parties to submit affidavits and other materials from which the court can decide

7

the issue"). As such, Plaintiffs will be required to submit further evidence in support of their claimed damages. If Plaintiffs are unable to adequately support their claims with further documentary submissions, the Court will schedule an evidentiary hearing on the matter.

## III. CONCLUSION

For the foregoing reasons, the Court will grant Plaintiffs' request for default judgment, but will instruct the clerk of court to defer entering judgment pending the Court's determination as to the amount of damages to be awarded. Plaintiffs will be directed to submit a copy of all contractual provisions supporting their right to relief, further evidence to support the amount of liquidated damages and interest requested, and further evidence of the reasonableness of the attorney's fees award.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LESTER KAUFFMAN, as Trustee of the UNION TROWEL TRADES BENEFIT FUNDS OF CENTRAL PENNSYLVANIA,<br>　　　　Plaintiffs<br><br>v.<br><br>S&K CONSTRUCTION CO., INC.,<br>　　　　Defendant | :<br>: Civil Action No. 1:10-cv-02587<br>:<br>: (Chief Judge Kane)<br>:<br>:<br>:<br>:<br>:<br>: |

## ORDER

**NOW**, on this 15th day of March 2011, in consideration of Plaintiffs' motion for default judgment (Doc. No. 7), and for the reasons set forth in the Court's memorandum opinion filed herewith, **IT IS HEREBY ORDERED THAT**:

1. Plaintiffs' motion (Doc. No. 7) is **GRANTED**.

2. The Clerk of Court is **INSTRUCTED** to defer entering judgment on Plaintiffs' claims pending the Court's computation of the appropriate amount of damages.

3. Plaintiffs are **DIRECTED** to submit a copy of all contractual provisions supporting their right to relief and further evidence documenting and supporting their damage claims and request for attorney's fees, in accordance with the limitations highlighted by the Court's memorandum, within fifteen (15) days of the date of this order.

　　　　　　　　　　　　　　　　 s/ Yvette Kane
　　　　　　　　　　　　　　　　Yvette Kane, Chief Judge
　　　　　　　　　　　　　　　　United States District Court
　　　　　　　　　　　　　　　　Middle District of Pennsylvania